IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WYOMA IVY, as Mother and**
**Administratrix of the Estate of Michael**
**Steven Young, Jr., deceased**                                    **PLAINTIFF**

**V.**                                                **NO.: 4:20-cv-173-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, et al.**                                              **DEFENDANTS**

## ORDER REQUIRING BRIEFING

This matter is before the court on the Plaintiff's Motion to Substitute Party [53]. Given the issues presented by the pending motion, the parties are directed to submit additional briefing as outlined below.

This is an action by the now-deceased mother of a deceased prisoner on behalf of herself and as the administratrix of her son's estate for alleged constitutional violations by state actors. It is well established that 42 U.S.C. § 1983 provides the vehicle for bringing such claims and 42 U.S.C. § 1988 directs the court to state law to fill in gaps not covered by the applicable federal statutes.[1]

There are two state statutes that need to be addressed. First, to the extent it is claimed that the deceased prisoner's death was caused by the alleged unconstitutional conduct of Defendants, the court must refer to Mississippi's wrongful death statute Miss. Code Ann. § 11-7-13 for direction. Second, because it appears that the decedent prisoner's estate also asserts an independent

---

[1] Section 1988 provides in relevant part that the jurisdiction of federal district courts must be exercised in conformity with federal law "so far as such laws are suitable to carry the same into effect." However, section 1988 goes on to say that when federal law is deficient in the provision of suitable remedies, state statutory or common law applies, unless it is inconsistent with the Constitution or federal law, in which case that state statutory or common law is not to be applied. Because federal law is silent on the questions of survival and wrongful death, and therefore "deficient," section 1988 requires that the survival and wrongful death law of the forum state must be applied unless it is "inconsistent" with the Constitution or federal law.

claim – one not alleged to have resulted in death – for unconstitutional conditions of confinement resulting in personal injury to plaintiff during his lifetime, the court looks to Mississippi's survival statutes Miss. Code Ann. § 91-7-233 and 237.

In general, Mississippi's wrongful death statute permits one case which may be brought by certain enumerated persons/classes of persons, including the administrator of the deceased's estate or other interested party. All interested persons may join the single action. The action is for the benefit of the survivors. *See Long v. McKinney*, 897 So. 2d 160, 168 (Miss. 2004). Mississippi's survival statutes, on the other hand, create a cause of action in the estate of the decedent and represents the injuries that the decedent personally suffered. *See In re Estate of England,* 846 So. 2d 1060, 1067 (Miss. Ct. App. 2003).

In this case, the wrongful death claim was filed by the deceased prisoner's mother as a wrongful death beneficiary and on behalf of his estate, over which she was appointed administratrix. In addition, as noted above, the operative complaint appears to contain an additional personal injury claim arising from unconstitutional conditions of confinement but unrelated to the prisoner's death. On August 9, 2021, counsel for the mother and administratrix of the deceased's estate filed a motion to stay the action for 90 days. [51]. Counsel, in addition to noting the recent death of the Plaintiff-Administratrix, cited Federal Rule of Civil Procedure 25 and asserted the need for a 90-day stay to substitute the now deceased mother/estate administrator with "an appropriate administrator or administratrix to serve the estate." *Id.* The court granted the unopposed motion to stay but did not make any finding other than the case would be stayed until the earlier of the filing of a motion pursuant to Rule 25 of the Federal Rule of Civil Procedure or the passage of 90 days from the date of the court's order.

Within the 90-day stay, counsel for the Plaintiff-Administratrix filed a "Motion to Substitute" [53] unaccompanied by a memorandum of law and reciting only the following:

> COMES NOW, Lynne Christopher and shows to the Court that Alvita Barnes should be substituted as Plaintiff in the above matter and would show the Court as follows:
> 1. Michael Young, Jr. died intestate leaving his Mother, Wyoma Ivy and two biological sisters, Alvita R. Barnes and Jaquanza Precious Ivy as his heirs. Michael Young, Jr.'s father died before e death of Michael Young, Jr. Michael Young, Jr. was not married and did not have any children.
> 2. Wyoma Ivy entered this suit as Michael's Mother and also as the Administratrix of Michael's estate. Wyoma Ivy died intestate, was not married at the time of her death and had only three children, the deceased Michael Young, Jr. and two daughters, Alvita Barnes and Jaquanza Precious Ivy.
> 3. Counsel has spoken with Alvita Barnes and she has agreed to be substituted as Plaintiff in this suit. The costs and responsibilities have been explained and agreed to by Alvita Barnes. Alvita Barnes as a sibling to Michael Young, Jr. has standing to be substituted as Plaintiff in this suit. Whereas attorney moves the Court to substitute Alvita Barnes, as Plaintiff in this matter as the sibling of Michael Steven Young, Jr.

*See id.*

On November 23, 2021, Centurion of Mississippi, LLC ("Centurion"), Defendant in the case, opposed the motion to substitute arguing, first, that the motion was untimely since it was not filed within 90 days of the date counsel filed a motion to stay the case and noted therein the death of the mother/administratrix. Centurion argues that the motion to substitute was untimely because it was not filed within the 90-day stay period granted by the court as aforesaid. [56]. Further, Centurion argues that the only proper parties for substitution under FED. R. CIV. P. 25 would be the administratrix of the deceased prisoner's estate, citing *Ashley v. Illinois Central Gulf Railroad. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983). According to Centurion, because Ms. Barnes has not been properly appointed the representative of the estate of the deceased prisoner, any attempt to appoint her as the plaintiff in this action is improper. On the same date as it filed its opposition to

the motion to substitute, Centurion moved separately to dismiss this action, citing the same arguments and authority cited in support of its opposition to substitution.

On December 6, 2021, counsel for the now deceased Plaintiff-Administratrix of the estate filed a short reply to Centurion's opposition to her motion to substitute asserting that the motion, having been filed within 90-day period during will during which the case was stayed, was timely and that

> It is not necessary that an estate be opened to pursue this case. Counsel for Wyoma Ivy thought it would be easier to divide the proceeds if a settlement is reached but there is not a requirement that an estate be opened. Alvita Barnes has standing to bring this action as a sibling and in a representative capacity on behalf of all heirs at law of Michael Steven Young, Jr. deceased. See attached Exhibit "A". There are no assets of the estate, other than this action, and no debts. The estate statute has certain requirements that the executor/executrix must meet in order to be appointed and be granted letters of testamentary, however, neither heir at law met all of the qualifications. If this Honorable Court requires that an executor/executrix be appointed for the Estate of Michael Young, Jr., a third party will have to be appointed to serve.

[59]

The undersigned finds that the analysis of the issues involved here and briefing of authorities pertaining thereto is woefully insufficient. In fact, nonexistent in the case of the movant. Therefore, both parties are directed to brief, including citations to all relevant authorities, the following issues:

(1) Has service of the suggestion of death been properly made on all persons and entities required under FED. R. CIV. P. 4 and/or 5, and 25? If not, has a proper suggestion of death been made?

(2) If so, when was service made and who were the persons served?

(3) Who is a proper party to be substituted under FED. R. CIV. P. 25 in a Section 1983 action being pursued in conjunction with Mississippi's wrongful death statute? Specifically, who is a proper party to be substituted in such a case formerly brought by a now deceased mother as a wrongful death beneficiary and as administratrix of the deceased's estate?

(4) Who is a proper party to be substituted under FED. R. CIV. P. 25 in a Section 1983 personal injury action being pursued in connection with Mississippi's survival statute 91-7-237?

(5) Is the instant motion for substitution made by a permitted person under FED. R. CIV. P. 25?

(6) Was there a notice of hearing properly served in compliance with FED. R. CIV. P. 25, and if not, has a proper suggestion of death been made?

Accordingly, the parties are hereby ordered to submit additional briefing on these issues. The parties are granted fourteen (14) days from the date of this order in which to submit their briefs, and five (5) days thereafter to submit any responses.

**SO ORDERED** this, the 29th day of December, 2021.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**