IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WYOMA IVY, as Mother and
Administratrix of the Estate of Michael
Steven Young, Jr., deceased**     **PLAINTIFF**

**V.**     **NO.: 4:20-cv-173-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.**     **DEFENDANTS**

### ORDER

This matter is before the court on an amended motion to substitute pursuant to Rule 25 of the Federal Rules of Civil Procedure. [67]. For the reasons explained below the motion will be granted.

    **I.**     **The Alleged Claims**

The complaint asserts a cause of action pursuant to a 42 U.S.C. § 1983 for constitutional violations resulting in the wrongful death of Michael Steven Young, Jr. who was incarcerated at the Mississippi Department of Corrections. [1]. The complaint also contains a separate claim for personal injury Young is alleged to have suffered from conditions of confinement unrelated to the complained of death.

    **II.**     **Proper Parties to Pursue Constitutional Claims Pursuant to § 1983 for an Alleged Wrongful Death and for Personal Injury Claims Incurred by the Deceased Unrelated to the Death.**

For constitutional claims pursued under 42 U.S.C. § 1983 for an alleged wrongful death in Mississippi, 42 U.S.C. § 1988 directs the court to look to state law for guidance on matters such who may pursue the claim. In this case, Miss. Code Ann. § 11-7-13 permits only three persons or groups the right to pursue a wrongful death action: "(1) the personal representative on behalf of the estate of the deceased and all other persons entitled to recover; (2) one of the wrongful death

beneficiaries on behalf of all persons entitled to recover; or (3) all interested parties." *Id.* at 168. Although there may be only one suit, any or all of beneficiaries may join the action. *See Long v. McKinney*, 897 So. 2d 160, 172 (Miss. 2004). The action is primarily for the benefit of the enumerated beneficiaries (spouse, parent, sibling, or child of the deceased), with some recovery going to the deceased's estate for final expenses. *In re Estate of Burns*, 31 So. 3d 1227, 1231 (Miss. Ct. App. 2009). However, a listed relative may assert the claim even if no estate has been opened on the deceased's behalf. *See Gagliardi v. Lakeland Surgical Clinic*, *PLLC*, No. 3:20cv504TSL-RPM, 2020 WL 5775154, at *4 (S.D. Miss. Sept. 28, 2020).

A separate state statute, Miss. Code Ann. § 91-7-237, governs who may pursue a personal injury claim of a deceased unrelated to their alleged death. "Under Mississippi's survival action statute, only a 'personal action' survives the death of the party bringing it and the 'executor or administrator of the deceased party may prosecute or defend such action.'" *Estate of Holt*, 800 F. App'x 228, 231 (5th Cir. 2020) (quoting Miss. Code Ann. § 91-7-237).

### III. The Parties to this Action and Procedural Status

This action was filed on October 3, 2020, by Wyoma Ivy in her individual capacity as mother of the deceased, Michael Steven Young, Jr., and in a representative capacity on behalf of all heirs at law of Michael Steven Young, Jr.[1] Further, she filed this suit as the Administratrix of the Estate of Michael Steven Young, Jr. Named as original defendants to the action were Mississippi Department Of Corrections ("MDOC"); Nathan Cain, in his official capacity as Commissioner of MDOC; Mississippi State Penitentiary ("MSP"); Timothy Morris, individually and in his official capacity as superintendent at MSP; Centurion of Mississippi, LLC

---

[1] The wrongful death beneficiaries of Michael Steven Young, Jr. when suit was filed were, in addition to Ms. Ivy, his siblings. Alvita R. Barnes and Jacquanza Precious Ivy.

("Centurion"); and correctional officers John and Jane Does 1-15, individually and officially as guards at the MSP. On January 22, 2021, Defendant Centurion filed an answer.

On April 12, 2021, after a number stipulations of dismissals of original Defendants had been filed, an amended complaint was filed adding a host of new Defendants, making, after a further stipulation of dismissal, the following the named defendants: Centurion (previously served and answered), and newly added Marshal Turner, Juan Santos, Brenda Brown, Vickie L. Thomas, Fe Juvelyn Ibe, Antonio Del Castillo, Angela Womack, Tanisha Simmons, Cynthia Curtis, Davlicia Love, Juanita Thomas, Medical Staff John or Jane Does 1-15 and Correctional Officers John or Jane Does 1-15.

Pursuant to Rule 4(m) of Federal Rules of Civil Procedure, the Plaintiff, had unless ordered otherwise, 90 days in which to serve the new defendants. Plaintiff failed to do so, but on the 91st day, July 13, 2021, she filed a motion for 30 days additional time to serve them. [45]. Before that motion was ripe, on July 19, 2021, Plaintiff amended her motion to request, instead, 20 days from July 19, 2021, to serve the new defendants and also an additional 20-day extension of the existing deadline for filing amendments to the pleadings set forth in the Case Management Order. [46]. On July 28, 2021, Centurion filed an opposition to the Plaintiff's motion for additional time to serve the new defendants and to amend the pleadings. [49]. Three days later, before a reply was due, the Plaintiff, Wyoma Ivy, died and on August 9, 2021, a motion to stay proceedings due to the noted death of the Plaintiff was filed by her counsel. [51].

The motion to stay, citing Rule 25 of the Federal Rules of Civil Procedure, was served via Rule 5 on counsel for Centurion, and requested a stay of the proceedings for "no more than 90 days due to the death of the Plaintiff. . . to be lifted upon filing. . . a Motion to Substitute a Party on or before the expiration of the stay." *Id.* The motion recited that it was not opposed by counsel

for Centurion. On August 12, 2021, the court granted the unopposed motion, staying the action for the earlier of the filing of a motion to substitute or the expiration of 90 days from the date of the order. [52]. By the court's calculation, 90 days from August 12, 2021, would expire with the passage of November 10, 2021.

On November 9, 2021, before the stay lifted, Plaintiff's counsel, filed, in accordance with the intent expressed in her earlier motion to stay, a Motion to Substitute, Alvita Barnes, the Plaintiff's surviving daughter and one of Young's two surviving siblings for Ms. Ivy. The Motion recited that Ms. Barnes was a proper wrongful death beneficiary of Young but that she had not been appointed administratrix of Young's estate. The motion to substitute was served pursuant Rule 5 on Centurion's counsel. On November 23, 2021, Centurion opposed the motion to substitute on the basis that, in violation of Fed. R. Civ. P. 25, the motion was filed 91 days after the suggestion of Ms. Ivy's death had been noted on the record in the form of the motion to stay dated August 9, 2021.[2]

Finally, Centurion argues that "even if the motion had been timely, it did not seek to substitute a proper party. The proper party for substitution would be either the executor or administrator of the Estate of Michael Young, Jr." [59] at 2. No reply to Centurion's opposition was made but on January 18, 2022,[3] an amended motion to substitute was filed, asserting in relevant part:

---

[2] On the same date, Centurion filed a motion dismiss for the same alleged failure to comply with Rule 25.

[3] Prior to that date, on December 29, 2021, the undersigned required briefing from the parties on of number of issues related to the matter of substitution. The briefing was due January 12, 2022. The Defendant, Centurion, timely responded; the Plaintiff's counsel did not. Two days after the briefing was due, the Plaintiff's counsel asked for additional time through January 18, 2022, to do so. Four days later while that motion was ripening, the same counsel filed the amended motion to substitute discussed above. One day later, January 19, 2022, Plaintiff's counsel belatedly filed the briefing the court had required be filed by January 12, 2022. In it, counsel adding to the confusion in the case, stated both that service of the suggestion of death filed by her in the form of the motion to stay she filed on Aug 9, 2021 was properly made on all persons required pursuant to Fed. R. Civ. P. 25 so as to start her 90 period to substitute under FRCP 25 to run and that the suggestion was *not* properly made due to failure to serve it on Mr. Young's estate pursuant to R. 4, thus not triggering the 90-day period to begin to run. Pl. Br. at 2. [68]. It is not necessary that the

> Since the original Motion to Substitute was filed in this cause, the issue preventing the appointment of Alvita Barnes as Administratrix has been resolved, and the Chancery Court of Lee County has entered a Decree Substituting Administratrix. appointed as Administratrix of the Estate of Michael Steven Young, Jr., and the Chancery Court of Lee County has entered a Decree substituting Alvita Barnes as administratrix. (Attached as Exhibit "A"). Whereas attorney moves the Court to substitute Alvita Barnes, as Plaintiff in this matter as the sibling of Michael Steven Young, Jr. and as the Administratrix of the Estate of Michael Steven Young, Jr., Deceased.

*See* [67].

No response in opposition to the Amended Motion to Substitute was filed but reference to the same was made in what was styled "Centurion of Mississippi's Response to Plaintiff's Briefing Per Court Order," which was filed on January 24, 2022. [69]. Therein, Centurion argues that because the original motion to substitute was not timely, an amendment thereto necessarily is not.

**IV.    The Federal Rule of Civil Procedure 25(a)(1) and 6(b)**

Federal Rule of Civil Procedure 25(a)(1) states

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

As the advisory comment to the rule provides and case law reiterates – though the rule uses the mandatory "must be dismissed" language – the motion may be made later than 90 days after service of the statement noting death if the period is extended pursuant to Rule 6(b), as amended. *See Rowland v. GGNSC Ripley, LLC*, 3:13–CV–00011–DMB–SAA, 2015 WL 12999757 (N.D. Miss. Nov. 23, 2015) (citing *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993).

---

court untangle this web since if the 90 day period has never begun to run, the motion to substitute was plainly timely, and even if it did begin to run on August 9, 2021, as contended by Centurion, the motion to substitute was, as discussed hereafter, in fact, filed within the 90 day stay period the court granted in which to do so.

Pursuant to Rule 6(b)

> [w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

In the instant case, the docket reflects that on the same day that the suggestion of death was made, August 9, 2021, a request was made that the case be stayed for 90 days to permit that period of time in which to file an anticipated motion to substitute. That motion was granted, and the case stayed for 90 days from the date of that order, August 12, 2021, thus extending the period for filing of a motion to substitute, assuming time for the same was otherwise running, to November 10, 2021. The motion to substitute was filed on November 9, 2021, and thus was timely. [53].

And, as for any argument that the proper party/(ies) are not sought to be substituted, the court finds the same without merit. By the Amended Motion to Substitute Alvita Barnes, a wrongful death beneficiary and administratrix of the Estate of Young, is proposed and proper pursuant to both Miss. Code Ann. §§ 11-7-13 and 91-7-237, as discussed above. [67]. Indeed, Alvita Barnes as Young's beneficiary pursuant to § 11-7-13, standing alone was a proper party to pursue the wrongful death beneficiaries' claims pursuant to § 11-7-3 irrespective of her role as administrator of Young's estate.

V. **Conclusion**

In conclusion, the court finds that the Plaintiff's Amended Motion to Substitute Party [67] is well taken and granted.

**SO ORDERED** this, the 24th day of February 2022.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**