IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WYOMA IVY, as Mother and**                                                **PLAINTIFF**
**Administratrix of the Estate of Michael**
**Steven Young, Jr., deceased**

**V.**                                                      **NO. 4:20-CV-173-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, et al.**                                                    **DEFENDANTS**

## **ORDER**

Wyoma Ivy, as mother and administratrix of the Estate of Michael Steven Young, Jr., commenced this action against the defendants on October 3, 2020, by filing a complaint in the United States District Court for the Northern District of Mississippi. Doc. #1. With the Court's leave,[1] Ivy filed an amended complaint on April 12, 2021, alleging § 1983 claims based on various constitutional violations resulting in Young's death while he was incarcerated in the custody of the Mississippi Department of Corrections, and a separate personal injury claim alleging Young suffered from the conditions of his confinement. Doc. #32.

On August 9, 2021, Ivy's counsel notified the Court through a motion filing that Ivy passed away on August 1, 2021. *See* Doc. #51 at 1. Approximately three and a half months later, Centurion of Mississippi, LLC, filed a motion to dismiss Ivy's claims. Doc. #54. Ivy's counsel and Centurion each requested, respectively, an extension of time to respond to and reply in support of the motion to dismiss. Docs. #60, #62. On February 24, 2022, Alvita Barnes, a wrongful death beneficiary and administratrix of the Estate of Young, was substituted as plaintiff for the deceased Ivy. Doc. #70.

---

[1] Doc. #31.

Generally, where there is a pending dispositive motion related to a deceased party, the proper course is to deny the motion without prejudice to being renewed once a proper substitution occurs. *See, e.g.*, *Gruenberg v. Maricopa Cnty. Sheriff's Office*, No. 06-397, 2008 WL 410626, at *2 (D. Ariz. Feb. 13, 2008) (denying motion for summary judgment without prejudice "pending compliance with Rule 25(a)(1)"); *Lungu v. New Island Hosp./St/ Joseph Hosp.*, No. 11-0755, 2012 WL 2050205, at *1 (E.D.N.Y. June 4, 2012) (denying motion to dismiss without prejudice to renewal "in the event a proper party is substituted"). In accordance with this practice, the pending motion to dismiss [54] and the related requests for extension [60][2][62] are **DENIED without prejudice**. Since Barnes was substituted as a proper party following Ivy's death, within fourteen (14) days of the entry of this order, Centurion may file a renewed motion to dismiss to the extent the previously raised issues remain viable.

**SO ORDERED**, this 25th day of March, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] The motion for extension filed on Ivy's behalf was rendered void after her death. *See Rowland v. GGNSC Ripley, LLC*, No. 3:13-CV-11, 2015 WL 5197565, at *3 (N.D. Miss. Sept. 4, 2015).